UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLA PASTERNACK,
Executrix of the Estate
of Leon Frenkel,

       Plaintiff,

v.                   Case No. 8:16-cv-482-T-33CPT

BRUCE K. KLEIN,
individually, and in all other
employee, owner, member,
corporate and agent capacities
as regards his various business
entities, and
OZEAN PARTNERS, LLC,

       Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to
Defendants Bruce Klein and Ozean Partners, LLC's Motion for
Summary Judgment (Doc. # 67), filed on December 27, 2017, and
Plaintiff Alla Pasternack's Motion for Summary Judgment (Doc.
# 68), filed on December 28, 2017. Each side filed responses
in opposition. (Doc. ## 76, 80). Pasternack filed a reply to
Klein and Ozean Partners' response on February 20, 2018. (Doc.
# 82). For the reasons that follow, the Court denies both
Klein and Ozean Partners' Motion and Pasternack's Motion.

## I. __Background__

Leon Frenkel and Klein had a business relationship. On May 7, 2010, Klein, Klein's company Victory Partners, LLC, and Frenkel executed a promissory note "in favor of [] Frenkel, for the principal amount of $153,000.00, plus standard interest at the rate of 8%, payable on demand" and "a pledge agreement . . . guarantying the [Victory Partners] Note." (Doc. # 68 at ¶ 2; Doc. # 68-1 at 16, 25, 36). Then, on June 17, 2011, "a promissory note [was] executed by [] Frenkel and [] Klein . . . in favor of [] Frenkel, for the principal amount of $25,000.00, plus standard interest at the rate of 12%" as well as "a pledge agreement . . . guarantying the Klein Note." (Doc. # 68 at ¶ 2; Doc. # 68-1 at 29, 33, 36).

Because of Klein and Victory Partners' later defaults on these notes and pledge agreements, Frenkel filed an action for breach of contract and to pierce the corporate veil on April 18, 2014, in the United States District Court for the Eastern District of Pennsylvania. (Doc. # 69-1). After Frenkel served them, Klein and Victory Partners failed to appear. The Pennsylvania court subsequently entered default judgment for Frenkel and against Klein and Victory Partners on August 11, 2014. (Doc. # 69-6 at 2).

On March 9, 2015, Klein and his then-wife Elise Gieger Klein entered a Matrimonial Settlement Agreement, through which Gieger agreed to transfer title of a Florida condo in Longboat Key to Klein so that Klein could retain exclusive use and possession of it. (Doc. # 69-3). The Matrimonial Settlement Agreement states that Klein had been residing in the Longboat Key property since November of 2013. (Id. at 2). Then, on September 19, 2015, Gieger transferred the Longboat Key property to Ozean Partners for $10.00. (Doc. # 69-5). Ozean Partners had been created a little over a month before the transfer — on August 10, 2015 — with Klein as its managing member. (Doc. # 69-4).

Thereafter, on October 30, 2015, Klein and Victory Partners moved to set aside the default judgment in the Pennsylvania action, which that court allowed on March 21, 2016. (Doc. # 69-6). Before deciding the motion to set aside default, the Pennsylvania court held an evidentiary hearing on January 22, 2016, at which Klein testified. In his testimony, he stated that he had been living with a friend in Sarasota from April to September of 2014. (Doc. # 77-4 at 37:20-23). He acknowledged that prior to May of 2014, he had not been residing at the Longboat Key property for months and would only stay at the property for a few nights at most

because "it was like a jail" for Klein. (Id. at 60:9-61:17).
From January to May of 2014, Klein would stay at the property
"six, seven days a month, at the most." (Id. at 62:17-21).
Nevertheless, Klein acknowledged the Longboat Key property's
address was listed on his driver's license. (Id. at 55:15-
57:11). Klein further testified that, although his answer in
his divorce proceedings stated he resided at the Longboat Key
property, his residence was actually in New Jersey. (Id. at
78:16-23).

Regarding when the property was transferred by his ex-
wife to Ozean Partners, Klein explained that he had no
ownership interest in the property or Ozean Partners — he was
only the manager of Ozean Partners for its formation. (Id. at
93:20-94:14, 95:22-23). Because he "wasn't interested in
living at that location, staying there or whatever you want
to call it," his son Peter Klein, who is the owner of Ozean
Partners, resided at the property. (Id. at 95:14-21).
Relatedly, in his deposition taken on January 8, 2016, Klein
stated that the Longboat Key property was "not [his]
residence," that he does not live at that address and never
did. (Doc. # 77-2 at 13:8-22). He testified that in 2015 he
did not consider the Longboat Key property his residence.
(Id. at 49:14-23).

While the Pennsylvania action was still ongoing, Frenkel initiated this action on February 29, 2016, asserting claims for actual fraudulent transfer of the Longboat Key property and for constructive fraudulent transfer of the property against Klein and Ozean Partners. (Doc. # 1). The case was stayed pending the outcome of the Pennsylvania action on November 15, 2016. (Doc. # 38). Then, on March 14, 2016, Frenkel filed an Amended Complaint with the same claims. (Doc. # 8). The Second Amended Complaint was filed on May 10, 2016, again asserting the same claims. (Doc. # 30). After Frenkel's death, his daughter and executrix of his estate, Pasternack, substituted herself as plaintiff on May 2, 2017. (Doc. # 43).

In the Pennsylvania action, the parties settled as to multiple claims, but Klein failed to tender the settlement payment until the Pennsylvania court imposed sanctions. (Doc. ## 69-10 at 8-9, 69-12, 69-14). A bench trial for the remaining claims was held on January 9, 2017, and on July 24, 2017, the Pennsylvania court entered judgment against Klein and Victory Partners for $318,744 in principal and pre-judgment interest, with $62.88 in pre-judgment interest per day. (Doc. # 69-14 at 1, 24). After final judgment was entered in the Pennsylvania action, the Court lifted the stay in this action on August 22, 2017. (Doc. # 48).

Meanwhile, Ozean Partners took out a $150,000 mortgage on the Longboat Key property in favor of Samuel Mesrie on July 15, 2017. (Doc. # 69-13). A Florida UCC security interest listing Ozean Partners as the debtor was filed on the Longboat Key property on July 18, 2017, to expire on July 18, 2022, with Samuel Mesrie as the secured party. (Doc. # 77-12). An Assignment of Leases and Rents was recorded for the Longboat Key property on July 20, 2017, on behalf of Samuel Mesrie. (Doc. # 77-11).

Then, "[o]n August 4, 2017, Ozean Partners through their manager John Tidrow, executed a quit claim deed in favor of Bruce Klein for transfer of ownership and title to Bruce Klein," which "was filed and recorded with the Clerk for Sarasota County, Florida on such date." (Doc. # 67 at ¶ 3; Doc. # 67-1; Doc. # 69-15). Klein paid $10.00 in consideration for the Longboat Key property. (Doc. # 69-15 at 1). Also on August 4, 2017, Klein executed and filed a Homestead Declaration and application with the Sarasota County Clerk. (Doc. # 67-2). In the Homestead Declaration, Klein declared under penalty of perjury that his "date of permanent residency" was February 20, 2007. (Id. at 4-5).

The parties mediated on November 17, 2017, but reached an impasse. (Doc. # 66). Because Pasternack had not been

physically present at the first mediation, the parties mediated a second time at the Court's direction but again met an impasse. (Doc. ## 72, 84). The parties filed cross-Motions for Summary Judgment, which have been briefed. (Doc. ## 67-68, 76, 80, 82).

## II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are

no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his

conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

Finally, the filing of cross-motions for summary judgment does not give rise to any presumption that no genuine issues of material fact exist. Rather, "[c]ross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." Shaw Constructors v. ICF Kaiser Eng'rs, Inc., 395 F.3d 533, 538–39 (5th Cir. 2004); see also United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984)("Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." (quotation omitted)).

## III. **Analysis**

Both sides move for summary judgment. The Court will address each Motion separately.

### A. **Defendants' Motion**

Klein and Ozean Partners move for summary judgment on both counts of the Second Amended Complaint, but only reference the requirements of Fla. Stat. § 726.105 — the

statute under which Count I is brought. (Doc. # 67). Under Section 726.105, "the creditor is to demonstrate that: (1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." Nationsbank, N.A. v. Coastal Utilities, Inc., 814 So. 2d 1227, 1229 (Fla. 4th DCA 2002).

Klein and Ozean Partners attack the third element. They argue the Longboat Key property "could never have been subject to payment of any debt due under the judgment [Pasternack] seeks to enforce" because "[t]he property is protected from any judgment enforcement under Florida Homestead Protection." (Doc. # 67 at 3). In his Motion, Klein states that at the time of the transfer of the Longboat Key property from his ex-wife to Ozean Partners he "continued to make the [Longboat Key property] his full-time residence." (Doc. # 67 at ¶ 2). And Klein insists that his August 4, 2017 Homestead Declaration "affirm[ed] that such condominium is his primary residence." (Id. at ¶ 4; Doc. # 67-2 at 4-5). Indeed, Klein's Homestead Declaration lists his "date of permanent residency" as February 20, 2007. (Doc. # 67-2 at 4-5). Although inconsistent with the date on the Homestead Declaration, the Matrimonial Settlement Agreement states that Klein had been

10

residing in the Longboat Key property since November of 2013. (Doc. # 69-3 at 2).

"The Florida Constitution protects a debtor's homestead from forced sale." In re Migell, 569 B.R. 918, 920 (Bankr. M.D. Fla. 2017)(citing Fla. Const., art. X, § 4). "[T]he homestead character of a property depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence." In Re Migell, 569 B.R. at 920 (quoting In re Harle, 422 B.R. 310, 314 (Bankr. M.D. Fla. 2010)). "A debtor's homestead exemption claim is presumptively valid." In re Migell, 569 B.R. at 920 (citation omitted). "Florida's 'homestead exemption is to be liberally construed in the interest of protecting the family home.'" Id. (quotation omitted). "Any challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption." Id. (quoting In re Franzese, 383 B.R. 197, 202-03 (Bankr. M.D. Fla. 2008)).

"[H]omeowners seeking to qualify for the homestead exemption must meet both an objective and subjective test. First, they must actually use and occupy the home. Second, they must express an actual intent to live permanently in the home." In re Harle, 422 B.R. at 314. "Where . . . an 'owner

acts inconsistently with a self-professed intention to establish a homestead, a claim for exemption may fail.'" In re Geiger, 569 B.R. 846, 849 (Bankr. M.D. Fla. 2016)(quoting In re Bratty, 202 B.R. 1008, 1010 (Bankr. S.D. Fla. 1996)). As the Florida Supreme Court has written, "[t]he federal courts which have addressed the applicability of section 726.105 to homestead claims have concluded that it has no effect on the constitutionally created homestead exemption. We agree." Havoco of Am., Ltd. v. Hill, 790 So. 2d 1018, 1029 (Fla.), opinion after certified question answered, 255 F.3d 1321 (11th Cir. 2001)(citations omitted).

Pasternack argues "Klein does not qualify for the homestead exemption because he fails to meet the residency requirement." (Doc. # 76 at 12). Pasternack points out that Klein testified in his deposition and in an evidentiary hearing before the Pennsylvania court that he was not residing at the Longboat Key property. In his deposition in January of 2016, Klein stated the Longboat Key property was "not [his] residence," that he does not live at that address and never did. (Doc. # 77-2 at 13:8-22). In his testimony before the Pennsylvania court also in January of 2016, Klein stated his residence was in New Jersey and that after the Longboat Key property was conveyed to Ozean Partners, his son Peter lived

there because Klein did not want to. (Doc. # 77-4 at 78:16-23, 95:14-21). Klein's statements under oath directly conflict with the Homestead Declaration's and the Matrimonial Settlement Agreement's assertions that the Longboat Key property was his permanent residence since either 2007 or late 2013. Furthermore, Pasternack highlights Klein's subsequent purchase of the Longboat Key property for $10 and the execution of a mortgage and an Assignment of Leases and Rents right before the property's transfer as proof that Klein does not — and never did — truly reside at the property. (Doc. # 76 at 13-15).

For the time of the allegedly fraudulent conveyance to Ozean Partners, there is a genuine issue of material fact as to whether the Longboat Key property was Klein's homestead, as he claims. So, there is a genuine issue as to whether the Longboat Key property was "property which could have been applicable to the payment of the debt due." Nationsbank, N.A., 814 So. 2d at 1229. Because Klein and Ozean Partners' Motion relies exclusively on the homestead exemption argument, their Motion is denied.

**B.  Pasternack's Motion**

As a preliminary matter, the Court notes that Klein and Ozean Partners failed to respond to Pasternack's Statement of

Material Facts. This Court's website sets forth the following requirements, which are in place to expedite the summary judgment stage of a civil case.

> Each response in opposition to a motion for summary judgment must include a specifically captioned section titled, "Response to Statement of Material Facts." The opposing party's response must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs. Each denial must set forth a <u>pinpoint</u> citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, <u>the Court will deem admitted any fact in the statement of material facts that the opposing party does not specifically controvert, provided the moving party's statement is supported by evidence in the record</u>. Additional facts that the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's response and include a <u>pinpoint</u> citation to the record where the fact is established.

Klein and Ozean Partners' response does not comply with this requirement because it does not contain a section titled "Response to Statement of Material Facts," and does not admit or deny Pasternack's Statement of Material Facts in matching numbered paragraphs. Accordingly, provided Pasternack's statements are supported by evidence in the record, the Court will deem admitted Pasternack's Statement of Material Facts.

Pasternack moves for summary judgment on both counts of the Second Amended Complaint. (Doc. # 68). The Court will address each count in turn.

### 1.  Count I for Fraudulent Transfer

In Count I of the Second Amended Complaint, Pasternack alleges Klein and Ozean Partners perpetrated a fraudulent transfer of the Longboat Key property when Klein facilitated his ex-wife's transfer of the property to Ozean Partners. (Doc. # 30 at 8-9).

Under Section 726.105(1)(a), Fla. Stat., "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Fla. Stat. § 726.105(1)(a). "To establish a 'fraudulent conveyance' under Florida law, then, 'the creditor . . . must demonstrate that there was (i) a creditor to be defrauded; (ii) a debtor intending fraud; and (iii) conveyance of property that could have been applicable to payment of the debt due.'" Nat'l Mar. Servs., Inc. v. Straub, 979 F. Supp. 2d 1322, 1327 (S.D. Fla. 2013)(quoting In re PSI

Indus., Inc., 306 B.R. 377, 387 (Bankr. S.D. Fla. 2003)),

aff'd, 776 F.3d 783 (11th Cir. 2015).

In analyzing a debtor's actual intent, courts "look to indicia of intent commonly known as 'badges of fraud.'" Nat'l Mar. Servs., Inc., 979 F. Supp. 2d at 1328. Some "badges of fraud" courts look to are:

> whether the transfer was to an insider, whether the debtor retained possession or control of the property transferred after the transfer, whether the transfer or obligation was disclosed or concealed, whether before the transfer was made the debtor had been sued or threatened with suit, whether the transfer was of substantially all the debtor's assets, whether the debtor absconded, whether the debtor removed or concealed assets, whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred, whether the debtor was insolvent or became insolvent shortly after the transfer, whether the transfer occurred shortly before or after a substantial debt was incurred, and whether the debtor transferred the essential assets of the business to a lienor who transferred them to an insider of the debtor.

Id.

As Pasternack correctly notes, several "badges of fraud" are present here. Prior to the allegedly fraudulent transfer, Frenkel had been attempting to collect on the promissory notes and agreements from Klein. Indeed, Frenkel had not only initiated the action against Klein in the Pennsylvania court but also obtained a default judgment against Klein before the

16

transfer of the Longboat Key property to Ozean Partners. (Doc. # 69-2; Doc. # 69-5). Klein was the managing member of Ozean Partners at the time of its formation — a little over a month before the Longboat Key property was transferred. (Doc. # 69-4 at 1, 5; Doc. # 69-5). The Matrimonial Settlement Agreement specified that Klein would "retain exclusive use and possession" of the Longboat Key property, and Ozean Partner's formation documents list the Longboat Key address as Klein's address. (Doc. # 69-3 at 2; Doc. # 69-4 at 5). Klein's ex-wife transferred the Longboat Key property to Ozean Partners for $10.00 — a nominal sum. (Doc. # 69-5).

In response, Klein and Ozean Partners do not present any evidence to dispute these "badges of fraud." Nor do Klein and Ozean Partners argue that Frenkel was not a creditor at the time of the transfer, nor do they deny that the conveyance of the Longboat Key property actually occurred.

Instead, Klein and Ozean Partners merely argue in their response that the Pennsylvania court's ruling against them was error and should be overturned on appeal. (Doc. # 80 at 1-3). They emphasize that Klein's pro se appeal is currently pending before the Third Circuit Court of Appeals. (Id.). In Klein and Ozean Partners' words, "[w]hile the matter is pending upon appeal before the Third Circuit Court of Appeal,

any finding or judgment by this Court as to the disposition of the subject Property could by its nature be subject to reversal as to any award for the Plaintiff if the Defendant wins the appeal." (Id. at 2). Without citation to authority, Klein and Ozean Partners argue "[i]n order for the Plaintiff to prevail in this case, they must face and overcome certain matters which not only occurred in the Pennsylvania case, but still [are] currently pending from the Pennsylvania case in the form of that appeal." (Id.).

This argument is unavailing. "Federal Rule of Civil Procedure 62(d) governs motions to stay execution of a judgment." Rezendes v. Domenick's Blinds & Decor, Inc., No. 8:14-cv-1401-T-33JSS, 2015 WL 5735419, at *2 (M.D. Fla. Sept. 22, 2015). It states in pertinent part: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). "Rule 62(d) ensures that a defendant can and will pay a victorious plaintiff if the judgment is affirmed. The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment and compensates him for delay in the entry of final judgment."

<u>United States v. O'Callaghan</u>, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011)(internal citation omitted). "If the bond required by Rule 62(d) has not been given, the pendency of an appeal does not prevent proceedings in other courts to enforce the judgment." <u>United States v. Jenkins</u>, 153 F. Supp. 636, 638 (S.D. Ga. 1957)(citation omitted).

Klein does not allege that he posted a supersedeas bond or otherwise obtained a stay of the judgment's enforcement from the Pennsylvania court. Therefore, the pending appeal does not prevent the Court from enforcing the final judgment from the Pennsylvania action.

Still, a genuine issue of material fact remains as to whether Klein is entitled to the homestead exemption, which would preclude Pasternack from recovering the judgment from the Longboat Key property. Again, "[section 726.105] has no effect on the constitutionally created homestead exemption." <u>Havoco of Am., Ltd.</u>, 790 So. 2d at 1029. Although they failed to raise the homestead exemption defense in response to Pasternack's Motion, Klein and Ozean Partner's Motion for Summary Judgment was based on Klein's alleged homestead exemption. Here, there is evidence in the record that Klein filed a Homestead Declaration and application after the Longboat Key property was transferred to him on August 4,

2017. (Doc. # 67-2). That Declaration asserts that Klein permanently resided at the Longboat Key property beginning in 2007. And the Matrimonial Settlement Agreement states that Klein had been residing in the Longboat Key property since November of 2013. (Doc. # 69-3 at 2).

True, the January of 2016 testimony of Klein conflicts with the Declaration's and the Matrimonial Settlement Agreement's assertions that Klein was residing at the Longboat Key property at the time of the allegedly fraudulent transfer. But, if Klein was living there, then the property may not have been "property which could have been applicable to the payment of the debt due," under the homestead exemption. Nationsbank, N.A., 814 So. 2d at 1229. Resolving the factual dispute requires weighing of the evidence and credibility determinations, which this Court cannot make at this juncture. Therefore, Pasternack's Motion is denied as to Count I.

### 2. Count II for Constructive Fraudulent Transfer

In Count II, Pasternack alleges Klein committed a constructive fraudulent transfer to Ozean Partners. (Doc. # 30 at 9-10). Under Section 726.106(1), Fla. Stat.,

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was

> incurred if the debtor made the transfer or
> incurred the obligation without receiving a
> reasonably equivalent value in exchange for the
> transfer or obligation and the debtor was insolvent
> at that time or the debtor became insolvent as a
> result of the transfer or obligation.

Fla. Stat. § 726.106(1).

As Pasternack points out, Frenkel was a creditor of Klein at the time of the transfer of the Longboat Key property to Ozean Partners. (Doc. # 68 at 9). Indeed, a default judgment had been entered against Klein a year beforehand on August 11, 2014. (Doc. # 69-2). The Longboat Key property was transferred by Klein's ex-wife, allegedly at Klein's behest, to Ozean Partners for $10 instead of for a "reasonably equivalent value." (Doc. # 69-5 at 1).

Regarding insolvency, "[a] debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation." Fla. Stat. § 726.103(1). Furthermore, "[a] debtor who is generally not paying his or her debts as they become due is presumed to be insolvent." Fla. Stat. § 726.103(2). At the time of the transfer, a default judgment had been entered against Klein based on Klein and Victory Partners' failure to pay Frenkel the principal balance and interest of the promissory notes and pledge agreements. (Doc. # 69-2). And, Pasternack highlights that

"Klein testified that after [he] executed the Matrimonial Settlement Agreement in 2015, he had prior, outstanding debts that he needed to pay." (Doc. # 68 at 9-10)(citing Doc. # 69-11 at 17:23-25). The Court agrees that Klein should be presumed insolvent based on his failure to pay debts as they became due.

Again, in response to Pasternack's Motion, Klein and Ozean Partners only expressly argued that summary judgment was inappropriate while Klein's appeal of the Pennsylvania judgment is pending. Still, in their own Motion, Klein and Ozean Partners argued that Klein's claimed homestead exemption precluded finding for Pasternack. Both parties acknowledged that the property at issue must be applicable to the debt to establish a Section 726.105 claim. But neither party has cited case law indicating whether a creditor must satisfy the same applicability requirement to establish a Section 726.106 claim. Nevertheless, Pasternack did not argue in her response to that Motion that she could succeed on her Section 726.106 claim even if the Longboat Key property were Klein's homestead at the time of transfer.

At this juncture, the Court determines that Section 726.106 does contain such an applicability requirement. See Bay View Estates Corp. v. Southerland, 114 Fla. 635, 652

(1934), <u>overruled in part on different grounds by</u> <u>B. A. Lott,</u>
<u>Inc. v. Padgett</u>, 153 Fla. 304 (1943)(stating that, for a
common law fraudulent conveyance claim, the creditor must
establish that there was "a conveyance of property which is
applicable by law to the payment of the debt due"). Otherwise,
a court could find for a creditor on a Section 726.106
fraudulent transfer claim even though the property
transferred by the debtor was never applicable to the debt
owed to the creditor. Thus, the creditor would be able to
statutorily circumvent Florida's constitutional homestead
exemption by obtaining a money judgment in the amount of the
transferred property's value — even though the creditor never
would have been able to directly collect from the homestead
property. <u>See</u> <u>In re Potter</u>, 320 B.R. 753, 758–59 (Bankr. M.D.
Fla. 2005)("[S]tatutory exemptions are subject to avoidance
pursuant to other Florida statutes; constitutional exemptions
are not."). The reasons for requiring that the conveyed
property be applicable to the debt for Section 726.105 claims
apply equally to Section 726.106 claims.

As the Court has already determined, there is a genuine
issue of material fact as to whether the Longboat Key property
was Klein's homestead at the time of the transfer. Because
the Court concludes a requirement of a Section 726.106 claim

is that the property fraudulently transferred was applicable to the debt, there is a genuine issue of material fact precluding judgment for Pasternack. Pasternack's Motion is denied as to Count II.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Bruce Klein and Ozean Partners, LLC's Motion for Summary Judgment (Doc. # 67) is **DENIED.**

(2) Plaintiff Alla Pasternack's Motion for Summary Judgment (Doc. # 68) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of March, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE