UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLA PASTERNACK,
Executrix of the Estate
of Leon Frenkel,

    Plaintiff,

v.                    Case No. 8:16-cv-482-T-33CPT

BRUCE K. KLEIN, individually,
and in all other employee, owner,
member, corporate and agent capacities
as regards his various business
entities, and OZEAN PARTNERS, LLC,

    Defendants.
_____/

**ORDER**

The Court directs further briefing from the parties. Plaintiff and Defendants shall file supplemental briefs, not to exceed 10 pages, by **November 15, 2018**.

First, the Court requires briefing on the applicability of Havoco of America, Ltd. v. Hill, 790 So. 2d 1018 (Fla. 2001), to the facts of this case. Under Havoco, "[t]he transfer of nonexempt assets into an exempt homestead with the intent to hinder, delay, or defraud creditors is not one of the three exceptions to the homestead exemption." Id. at 1028. Here, the transfer of the Longboat Key property from

1

Elise Gieger to Ozean Partners was not a transfer of a nonexempt asset into an exempt homestead. However, if Klein subsequently established the Longboat Key property as his homestead after August 4, 2017, but before the July 24, 2017 Pennsylvania judgment was recorded in Florida, then the property may still be exempt from forced sale.

Therefore, the parties' briefs should address whether a debtor may fraudulently transfer a nonexempt asset in violation of Florida's Uniform Fraudulent Transfer Act, then subsequently convert that asset into his homestead after the FUFTA suit has been initiated.

Second, the Court requires briefing on the remedies available for the alleged violations of FUFTA. Under FUFTA, a money judgment may be entered if the transfer was voidable, even if it was not actually avoided. For example, the Eleventh Circuit affirmed a money judgment against a transferee who fraudulently conveyed funds into a tenancy by the entireties account, even after the transferee later used those funds to purchase an exempt homestead. <u>Dowling v. Davis</u>, 295 F. App'x 322, 323 (11th Cir. 2008). In this case, if the Longboat Key property is now Klein's homestead, but was not his homestead at the time of the transfer from Gieger to Ozean Partners,

2

then the challenged transaction could be avoidable under FUFTA.

Therefore, the parties' briefs should address whether the Court may award Pasternack money damages if the transfer from Gieger to Ozean Partners is held to have violated FUFTA, even though the Second Amended Complaint only requests attachment and levy of Klein's interest in the Longboat Key property.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Court directs further briefing. Plaintiff and Defendants shall file supplemental briefs, not to exceed 10 pages, by **November 15, 2018.**

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of November, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE